

FILED

Feb 13 2015, 8:53 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

James E. Ayers
Wernle, Ristine & Ayers
Crawfordsville, Indiana

ATTORNEY FOR APPELLEES

Michael D. Conner
Spitzer Herriman Stephenson
Holderead Conner & Persinger, LLP
Marion, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Brian Beckerman,

*Appellant-Plaintiff,*

v.

Nimu Surtani, M.D., and
Central Indiana Orthopedics,
P.C.,

*Appellees-Defendants.*

February 13, 2015

Court of Appeals Case No.
48A02-1407-PL-527

Appeal from the Madison Circuit
Court, The Honorable Dennis D.
Carroll, Judge
Cause No. 48C06-1203-PL-51

**Najam, Judge.**

## Statement of the Case

[1] Brian Beckerman appeals the trial court's judgment for Nimu Surtani, M.D.,

and Central Indiana Orthopedics, P.C. (collectively, "Dr. Surtani"), on

Beckerman's motion for reimbursement of expert witness fees pursuant to

Indiana Trial Rule 26(B)(4). Beckerman raises a single issue for our review,

namely, whether the trial court abused its discretion when it denied his motion for reimbursement. We affirm.

## Facts and Procedural History[1]

On March 23, 2012, Beckerman filed a medical-malpractice complaint against Dr. Surtani. According to Beckerman, his allegations would be supported by the expert opinion of Dr. Randall Smith, a Pennsylvania medical doctor. In September of 2012, Beckerman obtained an affidavit from Dr. Smith in which Dr. Smith stated that he had reviewed Beckerman's medical records and the care Beckerman had received from Dr. Surtani, and he had concluded that "Dr. Surtani's treatment of Mr. Beckerman was negligent and fell below the standard of care for an orthopedic surgeon . . . , which was a factor in the resulting damages." Appellant's App. at 101.

As such, Dr. Surtani sought to depose Dr. Smith. Dr. Smith informed the parties that his deposition fees were $4,000 up front for up to four hours of deposition testimony, $1,000 per hour after the first four hours, and $400 per hour for preparation time. *See id.* at 20, 55. Dr. Surtani objected to Dr. Smith's rates, and he filed a motion with the trial court, pursuant to Indiana Trial Rule

---

[1] The Appellant's Brief's statement of facts is hard to follow. In particular, it fails to plainly "describe the facts relevant to the issues presented for review" and instead "repeat[s] what is in the statement of the case." *See* Ind. Appellate Rule 46(A)(8)(a).

26(B)(4)(a)(ii),[2] to depose Dr. Smith and to have the court set reasonable fees and expenses for that deposition.

[4] On March 24, 2014, the court entered an order permitting the deposition and instructing Dr. Surtani to "tender to Randall Smith M.D. the sum of $2000.00[] to cover two hours of deposition time and two hours of preparation time," or $500 per hour. *Id.* at 25. The court further ordered that "any additional fees required by Dr. Smith to give his deposition shall be the responsibility of the Plaintiff . . . ." *Id.* The court then added that, if Beckerman could later show that an hourly rate above $500 was reasonable, the court would "entertain a motion by the Plaintiff to require the Defendants to reimburse the Plaintiff for the sums paid to Dr. Smith . . . in accordance with this order." *Id.* at 25-26. After Dr. Surtani had submitted his $2,000 to Dr. Smith, Beckerman advanced the additional $2,000 to cover Dr. Smith's initial $4,000 fee.

[5] Dr. Surtani deposed Dr. Smith on March 27, 2014, in Philadelphia. Dr. Smith's deposition lasted about one hour and forty minutes. Although Dr. Smith had provided Beckerman with supporting testimony, in June Beckerman moved to dismiss his complaint with prejudice, which the trial court granted.

---

[2] This rule states:

> Upon motion, the court may order further discovery [of facts known and opinions held by experts] by other means [than interrogatories, which are provided for in Trial Rule 26(B)(4)(a)(i)], subject to such restrictions as to scope and such provisions, pursuant to subdivision (B)(4)(c) of this rule, concerning fees and expenses as the court may deem appropriate.

Ind. Trial Rule 26(B)(4)(a)(ii).

[6] Beckerman then filed a motion for reimbursement with the trial court, which sought to have Dr. Surtani reimburse Beckerman the $2,000 Beckerman had advanced to Dr. Smith. Beckerman included evidence that $1,000 per hour for a physician's deposition was a reasonable fee. The trial court denied Beckerman's motion on June 13, 2014. Beckerman filed a motion to reconsider, and, on July 3, 2014, the court again denied Beckerman's request. In its July 3 entry, the court stated:

> although the Plaintiff has demonstrated that a $1,000.00[-]an[-]hour rate is reasonable for the deposition time of Dr. Smith, the Defendant cannot be compelled to pay for Dr. Smith's preparation time. This is a matter wholly within control of the deposed physician who is free . . . to spend no time or several hours in preparation. No further relief will be granted to either party on this issue . . . .

*Id.* at 119. This appeal ensued.

## Discussion and Decision

[7] Beckerman appeals the trial court's order denying his motion for reimbursement. As we have explained:

> A trial court has broad discretion in ruling upon discovery issues, and we will interfere only where an abuse of discretion is apparent. An abuse of discretion occurs only where the trial court's decision is against the logic and natural inferences to be drawn from the facts of the case. Due to the fact-sensitive nature of discovery matters, a trial court's ruling is cloaked with a strong presumption of correctness on appeal.

*Riggin v. Rea Riggin & Sons, Inc.*, 738 N.E.2d 292, 308 (Ind. Ct. App. 2000) (citations omitted).

[8] The issue in this appeal centers on the payment of an expert's deposition fees under Indiana Trial Rule 26(B)(4), which states in relevant part:

> *Trial Preparation: Experts.* Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (B)(1) of this rule and acquired or developed in anticipation of litigation or for trial, may be obtained as follows:
>
> * * *
>
> [(a)] (ii) Upon motion, the court may order further discovery by other means, subject to such restrictions as to scope and such provisions, pursuant to subdivision (B)(4)(c) of this rule, concerning fees and expenses as the court may deem appropriate.
>
> * * *
>
> (c)  Unless manifest injustice would result,
>
> > (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under subdivision (B)(4)(a)(ii) . . . of this rule; and
>
> > (ii) with respect to discovery obtained under subdivision (B)(4)(a)(ii) of this rule the court may require . . . the party seeking discovery to pay the other party a fair portion of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert.

There is no dispute that Dr. Surtani's request to depose Dr. Smith was made pursuant to Rule 26(B)(4)(a)(ii).

[9] Thus, this appeal requires this court to determine whether the trial court properly applied Rule 26(B)(4)(c). Because our Rule 26 was adopted from the Federal Rules of Civil Procedure, federal authorities are relevant to our interpretation. *Riggin*, 738 N.E.2d at 309. The Federal Advisory Committee Notes to Federal Rule of Civil Procedure 26(b)(4) state in relevant part:

> Under subdivision (b)(4)(C), the court is directed or authorized to issue protective orders, including an order that the expert be paid a reasonable fee for time spent in responding to discovery, and that the party whose expert is made subject to discovery be paid a fair portion of the fees and expenses that the party incurred in obtaining information from the expert. The court may issue the latter order as a condition of discovery, or it may delay the order until after discovery is completed. *These provisions for fees and expenses meet the objection that it is unfair to permit one side to obtain without cost the benefit of an expert's work for which the other side has paid, often a substantial sum.*

Fed. R. Civ. P. 26 advisory committee's note (emphasis added); *see also Evans v. Huss*, 415 N.E.2d 783, 786 (Ind. Ct. App. 1981) ("it is only fair that one who deposes another's expert as an expert should pay a portion of the expert's fees").

[10] The policy underlying the federal rule is apparent in our Rule. Indiana Trial Rule 26(B)(4)(c)(i) directs the trial court to require the party seeking discovery to pay the expert a reasonable fee for the time spent by the expert in responding to the request. Rule 26(B)(4)(c)(ii), in relevant part, also allows the trial court to order the party seeking discovery to reimburse the other party a fair portion of any fees and expenses that party reasonably incurred in obtaining the requested facts and opinions. Under each provision, the Rule prevents one side from obtaining "without cost the benefit of an expert's work for which the other side has paid, often a substantial sum." Fed. R. Civ. P. 26 advisory committee's note.

[11] In light of the policy underlying Rule 26(B)(4), the parties here first dispute whether Dr. Smith's deposition was for the benefit of Dr. Surtani or

Beckerman. In particular, Dr. Surtani asserts that Beckerman videotaped the deposition and would have sought to admit that videotape at trial had he not dismissed his complaint, which suggests that Beckerman simply sought to have Dr. Surtani subsidize Beckerman's discovery of the expert's opinion. Beckerman responds that, if he had to pay something for Dr. Smith's deposition, he should get something in return.

[12] But both parties ignore the basic fact that, in September of 2012, Beckerman had obtained an affidavit from Dr. Smith in support of his complaint. In that affidavit, Dr. Smith made clear that he had reviewed Beckerman's medical records and Dr. Surtani's treatment of Beckerman, and he concluded that Beckerman's injuries resulted at least in part from negligent care by Dr. Surtani. In other words, the record is clear that, prior to Dr. Surtani's deposition of Dr. Smith, Beckerman had already paid for Dr. Smith's opinion. Thus, the purpose of the deposition was for Dr. Surtani to examine the basis for Dr. Smith's opinion for himself prior to trial. As such, pursuant to Rule 26(B)(4)(c)(i) Dr. Surtani was obliged to pay Dr. Smith a reasonable fee for time spent in responding to Dr. Surtani's request.

[13] However, whether Dr. Surtani actually paid a reasonable fee is a separate question, and Beckerman's argument on this issue is wholly unsupported by the record. According to Beckerman, the $2,000 for which he seeks reimbursement was for costs incurred by Dr. Smith in his preparation for the deposition. But, as Beckerman explained to the trial court, Dr. Smith sought $4,000 up front for his deposition testimony, which was to cover up to the first four hours of

deposition time. Beckerman and Dr. Surtani split that up-front cost fifty-fifty, and it was this up-front cost that required Beckerman's expenditure of $2,000. Indeed, there is no evidence in the record on appeal that Dr. Smith spent any time preparing for the deposition, let alone that he spent five hours preparing (for $2,000, at Dr. Smith's stated cost of $400 per hour for preparation time), or that five hours of preparation time would have been reasonable on these facts. And Beckerman makes no argument that he should be entitled to $1,000 per hour for Dr. Smith's alleged preparation time even though Dr. Smith actually would have charged only $400 for that time.

[14] Thus, we need not consider whether Rule 26(B)(4)(c)(i)'s requirement, that the party seeking discovery pay the expert "a reasonable fee for time spent in responding to discovery," includes not only time actually spent in a deposition but also the expert's time preparing for the deposition. Even if we were to disagree with the trial court's stated rationale in its July 3 denial of Beckerman's motion, we will reverse the court's determination only if the court has abused its discretion. *See Riggin*, 738 N.E.2d at 308. A trial court abuses its discretion when its decision is against the logic and effect of the circumstances before the court. *Id.* But that is not the case here. The proper question is not whether Beckerman was entitled to reimbursement for Dr. Smith's preparation time but whether a $4,000 fee for a deposition that actually lasted about one hour and forty minutes was reasonable. According to the trial court, it was not: the court expressly found $1,000 per hour to be a reasonable fee for an expert's deposition, and there is no dispute that Dr. Smith's deposition lasted less than

two hours and nowhere near four hours. Accordingly, pursuant to the trial court's express finding, Dr. Surtani was obliged to pay not more than $2,000 of Dr. Smith's deposition fee. Dr. Surtani did so.[3] Thus, we cannot say that the trial court abused its discretion when it denied Beckerman's motion for reimbursement.[4]

Affirmed.

Mathias, J., and Bradford, J., concur.

---

[3] Beckerman does not argue that he incurred his $2,000 expenditure pursuant to Rule 26(B)(4)(c)(ii) as a fee or expense "reasonably incurred . . . in obtaining facts and opinions" from Dr. Smith. As such, we do not consider that possibility. App. R. 46(A)(8)(a). We note, however, that, unlike Rule 26(B)(4)(c)(i), which says that the court "shall require" the requesting party pay a reasonable fee to the expert, Rule 26(B)(4)(c)(ii) states that the court "may require" the requesting party to pay "a fair portion" of the nonrequesting party's fees or expenses in obtaining the requested facts and opinions.

[4] Because we hold that the trial court's order complied with Rule 26(B)(4)(c)(i), we need not consider Beckerman's argument that the trial court deviated from the Rule absent a manifest injustice. Also, Beckerman's reference to Indiana Trial Rule 34(C) is not supported by cogent reasoning, and so we do not consider it. *Id.*